Filed 6/5/24  P. v. Roberts CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B317060 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA271564) |
| v. | |
| ANGELO JEFFREY ROBERTS, | |
| Defendant and Appellant. | |
| In re | B327586 |
| ANGELO JEFFREY ROBERTS | |
| On Habeas Corpus. | |

Petition for habeas corpus and appeal from an order of the Superior Court of Los Angeles County.  H. Clay Jacke II, Judge. Habeas petition granted and remanded with directions; appeal dismissed as moot.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant, Appellant, and Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

Petitioner Angelo Jeffrey Roberts filed a petition for habeas corpus and a direct appeal from the trial court's denial, following an evidentiary hearing, of his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95).

We conclude petitioner's claim of ineffective assistance of counsel is cognizable and that his counsel provided ineffective assistance at the evidentiary hearing. We therefore grant the petition for habeas corpus and remand for a new evidentiary hearing pursuant to Penal Code section 1172.6, subdivision (d)(3). We dismiss as moot petitioner's direct appeal in case No. B317060.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Facts

We take judicial notice of the appellate record in case No. B193068 (petitioner's direct appeal from his 2006 trial). We use this record to summarize the pertinent facts.

In March 2003, petitioner and two of his fellow Rolling 20's gang members (Triyon Jones and Anthony Zelaya) participated in a crime spree involving the theft of three cars and multiple other felonies. Testimony at trial revealed there was a fourth accomplice during at least part of the crime spree.

The first car was stolen in South Los Angeles sometime after 6:30 p.m. on March 30, 2003. It was a Saturn, reportedly the type of car Jones favored. Almost three hours later, that Saturn was used in an attempted carjacking of a Lincoln Navigator that resulted in the shooting death of the driver, Isaiah Cain.

The shooting was witnessed by J.S. who was stopped at a red light on Crenshaw Boulevard behind the stolen Saturn. He saw two African-American men simultaneously get out of the Saturn, one from the front passenger seat and the other from the back

2

passenger seat.  The driver remained in the Saturn.  J.S. was not asked whether he saw any other passengers in the Saturn, and no other evidence clarified that issue.

After alighting from the passenger side of the Saturn, both men approached the Lincoln that was also stopped at the red light in the lane to the right of them.  Each had a handgun.  They raised their arms level with the driver-side windows and started shooting toward the front seat of the Lincoln.  J.S. heard "four to five" gunshots.  The two men then returned to the Saturn and it drove off as the Lincoln "veer[ed]" or "drift[ed]" to the side of the street and came to a stop. The driver, Mr. Cain, later died from multiple gunshot wounds.

J.S. did not identify petitioner as one of the shooters.

After fleeing South Los Angeles, the men drove to West Hollywood.  They found another Saturn parked on Hayvenhurst Avenue and stole it, abandoning the first Saturn at that location where it was later recovered.

Sometime after midnight, the men arrived at a gas station in the second Saturn where they confronted and robbed two victims.  L.B. and R.T. had stopped to put gas in R.T.'s car.  The Saturn pulled up next to the front of their car and stopped.  The driver of the Saturn did not get out.  R.T. recalled four men in total being inside the Saturn.  L.B. also said the driver remained in the car and that there were three, maybe four, men.

L.B. identified Zelaya as the man who confronted him and took his shoes, jewelry, wallet and cell phone, and identified petitioner as the man who confronted R.T.  He recalled hearing petitioner threaten to shoot R.T. but did not see any gun.  R.T. also identified petitioner.  He said petitioner flashed a handgun at him, said they were from Rolling 20's, and asked him "where you from?" – a common question asked by gang members regarding gang

3

affiliation. Petitioner threatened to shoot R.T. and then took his wallet and cell phone. The men returned to the Saturn. Petitioner got into the back seat behind the driver. The Saturn then fled.

About an hour later, the second Saturn was involved in a hit-and-run collision on Santa Monica Boulevard--a rear-end collision with a woman in her Toyota. The Saturn sped off after the accident and the woman briefly followed. The Saturn eventually crashed into a pole and the woman saw three, perhaps four, men get out of the Saturn and flee.

Later that morning, the owner of a third Saturn reported it stolen from a residential neighborhood in the Mid-Wilshire area of Los Angeles. Police officers spotted the Saturn and gave chase. Petitioner was driving and Zelaya was a passenger. After engaging in various evasive maneuvers, petitioner slowed down and Zelaya jumped out and tried to flee. Petitioner stopped the car and also attempted to flee. Both petitioner and Zelaya were eventually detained. Petitioner was found in possession of cocaine. Jones was detained on a separate occasion.

During the investigation that followed, three used cartridge casings were found and recovered at the scene of the shooting, three bullets were discovered lodged in the Lincoln, and three bullets were recovered from Mr. Cain's body. The bullets and casings were determined to all be from one semi-automatic handgun. At trial, the prosecution stipulated to that fact and also that the murder weapon had been recovered about two months after the shooting during the search of a home where an individual named Roland Pleasant had been staying (Pleasant was apparently another gang member).

Other evidence linked petitioner, Jones and Zelaya to the first stolen Saturn used in the shooting. The evidence relating to petitioner was a single hair lifted from the back passenger seat that

4

matched his DNA profile. Cross-examination of the prosecution expert revealed that the hair lifted from the back seat was considered to be in the "telogen" or end phase, meaning it was no longer growing and was at the stage where it would naturally be shed from the body. The expert acknowledged generally that hairs may be shed in one location and transferred by "secondary" transfer to another location. The expert did not express an opinion about how or when the hair lifted from the back seat was deposited there.

## 2. Procedure

In 2006, petitioner was jointly tried with Jones and Zelaya before separate juries. The jury was instructed on direct aiding and abetting principles and the felony murder rule.

Petitioner was convicted of one count of first degree murder committed during an attempted carjacking (Pen. Code, § 187, subd. (a), § 215, subd. (a), § 664), attempted robbery (§ 211, § 664), two counts of second degree robbery (§ 211), possession of a firearm by a felon (§ 12021, subd. (a)(1)), three counts of unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), evading a police officer (Veh. Code, § 2800.2, subd. (a)) and possession of cocaine for sale (Health & Saf. Code, § 11351.5). The jury found true gang enhancement allegations and firearm allegations. (Pen. Code, § 186.22, subd. (b)(1), § 12022.53, subds. (b), (c), (d) & (e).) Jones and Zelaya were also found guilty.

Before sentencing, petitioner moved for a new trial. His motion was supported by a declaration from Zelaya who stated he had previously been unwilling to testify on the advice of counsel. He said that in light of his conviction, he was now willing to testify that petitioner had not been with them during the shooting of Mr. Cain. Zelaya said he had been the one seated in the back passenger seat of the first stolen Saturn. Petitioner's motion for new trial was denied.

5

In 2008, this court affirmed petitioner's convictions and remanded for resentencing. (*People v. Jones* (May 15, 2008, B193068) [nonpub. opn.].) The court resentenced petitioner to 50 years to life for the murder plus the firearm enhancement and a consecutive determinate term of 33 years four months for the other crimes and enhancements. Petitioner appealed and we affirmed. (*People v. Zelaya* (Jan. 27, 2010, B213482) [nonpub. opn.].) Petitioner is currently serving his sentence at Folsom State Prison.

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.), petitioner filed in propria persona a petition for resentencing on the murder count pursuant to Penal Code section 1172.6. Petitioner declared under penalty of perjury that he was not the actual killer, that he had been convicted of murder as an accomplice under the felony murder rule and that he could not now be convicted under the amended murder statutes. The resentencing petition was summarily denied. We reversed and remanded for further proceedings. (*People v. Roberts* (July 16, 2020, B297705) [nonpub. opn.].)

On remand, the trial court appointed counsel for petitioner (Richard Sternfeld, alternate public defender). Petitioner later replaced appointed counsel with privately retained counsel (Aaron Spolin of Spolin Law). The parties filed briefs on the question of whether petitioner had made a prima facie showing of eligibility for sentencing relief. The court found petitioner had established a prima facie case, issued an order to show cause and set an evidentiary hearing pursuant to Penal Code section 1172.6, subdivision (d)(3).

The prosecution filed an evidentiary hearing brief citing to the evidentiary record and arguing why petitioner remained guilty under current law. Petitioner's counsel did not file any brief. The evidentiary hearing was held on October 1, 2021, before the

6

Honorable H. Clay Jacke II, who did not preside over the 2006 trial. Petitioner was present and represented by Donald Nguyen of Spolin Law. Neither petitioner nor the People offered any new evidence. The court entertained argument from counsel and then continued the matter so it could review the clerk's and reporter's transcripts from the 2006 trial.

On November 19, 2021, the trial court denied the petition, explaining that petitioner "was one of two shooters" and that DNA evidence put petitioner at the scene of the murder. The court found petitioner was guilty of murder beyond a reasonable doubt as a direct aider and abettor or as a major participant in the carjacking who acted with reckless indifference to human life.

Petitioner filed an appeal (case No. B317060) from the denial arguing that substantial evidence did not support the court's order and that his counsel provided ineffective assistance at the evidentiary hearing. Petitioner also filed this petition for habeas corpus (case No. B327586) expounding upon his ineffective assistance claim.

Attorney Joanna Rehm, petitioner's current appointed counsel, submitted a declaration in support of the habeas petition. She recounted her efforts to speak with the Spolin firm about their representation of petitioner and to obtain their file. Ms. Rehm said she received what she was told was the entire file, and it consisted only of the clerk's transcript and volumes 3 and 8 of the reporter's transcript from the 2006 trial, a copy of Zelaya's signed declaration from the motion for new trial, a copy of witness J.S.'s statement, and some file notes, including one documenting a call with Attorney Sternfeld. The note reflects that Mr. Sternfeld told the Spolin firm it was unclear who the shooter was, how many were in the car, or even if petitioner was with them at that time, or whether he was picked up later and participated only in the later crimes. The note

states Mr. Sternfeld urged the Spolin firm to interview Zelaya. Ms. Rehm said there was nothing in the file documenting any efforts to contact or speak with Zelaya and determine whether to present him as a witness at the hearing, nor any documentation showing any investigation regarding the possibility of a secondary transfer of the hair found in the first Saturn.

We issued an order to show cause on the habeas petition. The parties filed a return and traverse.

At oral argument on the appeal, petitioner's counsel drew our attention to the fact that argument had not been concurrently noticed on the habeas petition. We vacated our submission of the appeal. We ordered the appeal and habeas petition coordinated for purposes of argument and decision. We now grant relief on the habeas petition and remand to the superior court for a new evidentiary hearing on the resentencing petition. We find no error on the part of the prosecution or the court at the resentencing hearing. But we find petitioner was denied the effective assistance of counsel at the resentencing hearing, as a consequence of which we grant of the habeas petition and necessarily reverse the order denying resentencing.

## DISCUSSION

1. **Relief on the Merits Is Appropriate Without Ordering an Evidentiary Hearing on the Habeas Petition**

Respondent's return admits certain facts and generally denies petitioner's ineffective assistance allegations without pleading any additional facts raising a factual dispute. The return focuses instead on arguing the legal significance of the facts in the trial record, primarily on the issue of prejudice. Where, as here, " 'there are no disputed factual questions as to matters outside the trial record, the merits of a habeas corpus petition can be decided without an evidentiary hearing.' " (*People v. Duvall* (1995)

8

9 Cal.4th 464, 478; accord, *In re Sixto* (1989) 48 Cal.3d 1247, 1252 [when the return states general denials without pleading facts to dispute the petitioner's material factual allegations, thus "effectively" admitting those allegations, the court may resolve the issue without ordering an evidentiary hearing].) We turn to the merits of petitioner's claim of ineffective assistance.

## 2. Petitioner's Claim of Ineffective Assistance Is Cognizable

As the Supreme Court recently reaffirmed, there ordinarily " 'is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.) Nevertheless, due process has been relied upon to provide a right to the assistance of counsel once a defendant establishes a prima facie case for postconviction relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 973 [when a defendant seeking relief on habeas corpus " 'states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns' "]; *People v. Shipman* (1965) 62 Cal.2d 226, 232-233 [same in coram nobis proceedings]; *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 980–983 [same where the defendant establishes right to hearing on motion to vacate conviction under § 1473.7].)

In *People v. Rouse* (2016) 245 Cal.App.4th 292, 300, this court recognized that "due process requires an incarcerated defendant be afforded the right to counsel in various circumstances where the Sixth Amendment does not." We concluded there that a defendant who established his eligibility for resentencing under Penal Code section 1170.18 was entitled to the appointment of counsel. (*Rouse,* at p. 300.)

Just last year, *People v. Foley* (2023) 97 Cal.App.5th 653 acknowledged a constitutional right to conflict-free counsel under

9

Penal Code section 1172.6, "at least where the trial court issues an order to show cause and holds an evidentiary hearing." (*Foley,* at p. 659.) *Foley* explained that an evidentiary hearing is not held under section 1172.6 "unless the defendant has made a prima facie showing of entitlement to relief. The situation is therefore similar to a postconviction habeas corpus proceeding where the appointment of counsel is demanded by due process concerns if the petition attacking a judgment's validity states a prima facie case leading to an order to show cause." (*Foley,* at pp. 659-660.)

It is well established that once the state creates a substantial right, due process applies to ensure the right is not arbitrarily abrogated. (*Wilson v. Superior Court of Los Angeles County* (1978) 21 Cal.3d 816, 823.) A right to counsel created by state statute has been held, in numerous contexts, to necessarily encompass a cognizable right to effective assistance of counsel protected by due process. (See e.g., *In re A.R.* (2021) 11 Cal.5th 234, 248 [right of party in dependency proceeding to " 'competent counsel' " under Welf. & Inst. Code, § 317.5 " 'must include the right to seek review of claims of incompetence' "]; *People v. Hill* (2013) 219 Cal.App.4th 646, 652 [a defendant's statutory right to counsel under the Sexually Violent Predator Act includes right to effective representation protected by due process considerations]; *People v. Williams* (2003) 110 Cal.App.4th 1577, 1591 [a defendant in mentally disordered offender proceeding has a statutory right to counsel "protected by due process principles"].)

The statute at issue here, Penal Code section 1172.6, grants petitioner the right to appointed counsel upon the submission of a facially sufficient petition. (*Id.,* subd. (b)(3).) If the court finds the petitioner has stated a prima facie claim for sentencing relief, then an order to show cause issues and the petitioner is entitled to an evidentiary hearing. (*Id.,* subd. (d)(3).) At the hearing, both parties

10

are allowed to offer new and additional evidence, and the prosecution bears the burden of proof, beyond a reasonable doubt, to demonstrate the defendant can still be found guilty under current law. (*Ibid*.) If the prosecution fails to meet that burden, the petitioner's conviction "shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

The statutory scheme unequivocally provides for the appointment of counsel and an adversarial proceeding at which factfinding as to the defendant's guilt is undertaken anew. While the evidentiary hearing under Penal Code section 1172.6 is not the equivalent of a jury trial, the defendant's interests are nonetheless significant. The effective assistance of counsel at such a hearing is necessary to ensure a petitioner's right to a fair, adversarial process of the type called for by the statute.

Respondent acknowledges that the statutory right to counsel provided by Penal Code section 1172.6 would be a "hollow right" unless appointed counsel is held to "some standard of competency." We agree and find that due process principles apply in this context to ensure that a defendant receives the effective assistance of counsel.

3.     **Petitioner Is Entitled to a New Evidentiary Hearing on His Resentencing Petition**

Petitioner contends his counsel's representation at the evidentiary hearing constituted a total denial of counsel within the meaning of *U.S. v. Cronic* (1984) 466 U.S. 648 and that prejudice therefore need not be affirmatively shown. Alternatively, he contends the record establishes that counsel's representation was prejudicially deficient under *Strickland v. Washington* (1984) 466 U.S. 668 (*Strickland*). We believe the *Strickland* standard is more appropriately applied in the circumstances presented here.

11

Under *Strickland*, petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." (*Strickland*, *supra*, 466 U.S. at p. 688.) Petitioner must also demonstrate prejudice attributed to counsel's errors. *Strickland* instructs that "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." (*Id*. at p. 693.) Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id*. at p. 694.) We conclude petitioner has established both prongs of *Strickland*.

The representation provided by petitioner's counsel (Attorney Donald Nguyen of Spolin Law) fell below an objective standard of reasonableness. Mr. Nguyen failed to adequately prepare—or to prepare at all—for the evidentiary hearing. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (*Strickland*, *supra*, 466 U.S. at p. 691; *In re Marquez* (1992) 1 Cal.4th 584, 602 ["before counsel undertakes to act, or not to act, counsel must make a rational and informed decision on strategy and tactics founded upon adequate investigation and preparation"].)

Counsel did not obtain and review the complete record of the 2006 trial. He received only the clerk's transcript and volumes 3 and 8 of the reporter's transcript and apparently did not try to get the rest of the record. There is no record of counsel contacting codefendant Zelaya to assess his exculpatory testimony regarding petitioner not being at the scene of the shooting. Counsel did not file a brief. At the hearing, counsel failed to make any argument based on the evidentiary record. Counsel argued only in a conclusory fashion there was no proof petitioner was the actual

12

killer, the evidence showed only that he participated in a robbery and the prosecution had failed to meet its burden.

Counsel's failure to properly investigate and review the trial record and seek other relevant materials meant he was necessarily incapable of marshalling the evidence and fleshing out the argument for the court that petitioner could not be convicted of murder under current law because he had been picked up by his accomplices after the shooting to continue on with their crime spree begun several hours earlier. The crucial evidence supportive of petitioner's theory, including the testimony from three of the later victims that there were *four* individuals in the Saturn when the later crimes were committed, and not *three* as attested to by J.S. when describing the shooting, was contained in volumes 4 through 7 of the reporter's transcript, which counsel did not obtain. Without being familiar with the entire record, counsel was also unable to effectively respond to the prosecutor's theory of guilt which was largely based on inferences arising from circumstantial evidence.

None of these errors can be said to be based on a reasoned tactical decision by counsel. Failing to prepare is not a tactical decision.

Respondent says petitioner has not shown prejudice because the evidence and inferences not argued by counsel were already in the record, which the court said it reviewed, and that evidence did not sway the judge to rule in petitioner's favor.

We disagree. Simply because the court had the underlying record available for review does not mean the well-informed arguments of defense counsel would have been immaterial. There was no meaningful argument presented by defense counsel, in writing or orally at the hearing, because of a failure to undertake a reasonable investigation of the issues and properly prepare for the

hearing.  There was no adversarial testing of the factual and legal issues in dispute.

Accordingly, the petition for habeas corpus is granted.  The order denying petitioner's resentencing petition is reversed and the matter remanded to the superior court with directions to conduct a new evidentiary hearing pursuant to Penal Code section 1172.6, subdivision (d)(3).  We express no opinion on the merits of the resentencing petition or whether petitioner is entitled to sentencing relief.

## DISPOSITION

The petition for writ of habeas corpus is granted.  The order denying Angelo Roberts's petition for resentencing pursuant to Penal Code section 1172.6 is reversed.  The matter is remanded to the superior court for a new evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).  Petitioner is entitled to be present at the hearing and is entitled to the appointment of counsel if he is unable to retain private counsel.

Petitioner's appeal in case No. B317060 is dismissed as moot.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.

14